IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| VANESSA SMITH, | ) |
| | ) |
| | ) 2:24-CV-01513-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED SERVICES AUTOMOBILE | ) |
| ASSOCIATION (USAA), | ) |
| | |
| Defendant, | |

OPINION AND ORDER

Plaintiff, Vanessa Smith, *pro se*, removed this action from state court in the Court of Common Pleas of Allegheny County. (ECF No. 1). Defendant, United States Automobile Association (USAA), moves to remand to state court. (ECF No. 8). The matter is now ripe for decision.

Upon consideration of Ms. Smith's Notice of Removal (ECF No. 1), Complaint (ECF No. 1-3), USAA's Motion to Dismiss and Brief in Support (ECF Nos. 8 and 9), Ms. Smith's "Amended Complaint and Response" (ECF No. 11 and 12), and for the following reasons, USAA's Motion for Remand will be granted.

I. Relevant Background

On June 12, 2024, Ms. Smith initiated a state court action against USAA in the Allegheny Court of Common Pleas for Breach of Contract and Bad Faith pursuant to 42 Pa.C.S. § 8371. (ECF No. 1-3). On November 4, 2024, Ms. Smith filed a Notice of Removal (ECF No. 1) pursuant to 28 U.S.C. § 1441 based upon this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. at p. 1.

II.     Discussion

USAA moved to remand the case to state court maintaining that Ms. Smith may not remove her own lawsuit to federal court.   USAA further contends that, even if Ms. Smith's removal were proper, this Court cannot maintain diversity jurisdiction.

In response, Ms. Smith filed an Amended Complaint wherein she adds claims under the Fair Housing Act, Civil Rights Act, and Declaratory Judgment Act.  (ECF No. 11).  In said response, she now asserts, in addition to diversity jurisdiction, that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *Id*.

Removal is governed by federal statutes. See 28 U.S.C. §§ 1441, 1443, 1446. Federal law is clear that only a defendant or defendants may remove a case—"plaintiffs cannot remove suits to federal court." *Thomas v. Advance Hous., Inc.*, 475 Fed. Appx. 405, 407 (3d Cir. 2012); *see also, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Conner v. Salzinger,* 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that [28 U.S.C. §§ 1441, 1443, and 1446] confine the right of removal from a state court to a federal district court to a defendant or defendants." (emphasis supplied)). Because a plaintiff is "master of [her] own claim" and can avoid federal jurisdiction by relying on state law, "it is considered just and proper to require the plaintiff to abide by [her] choice of forum." *Marcone v. Phila. Marine Trade Ctr.*, Civil Action No. 98-438, 1998 WL 334078 at *1, 1998 U.S. Dist. LEXIS 9189 at *3 (E.D. Pa. June 23, 1998).

Congress' decision to restrict removal to defendants is jurisdictional—plaintiffs who choose to file their claims in state court originally deprive the federal court of subject matter jurisdiction. *See Conner*, 457 F.2d at 1243; *McCool v. Pennsylvania*, Civil Action No. 4:14-cv-00083, 2014 WL 6908305, at *4, 2014 U.S. Dist. LEXIS 170242, at *10 (M.D. Pa. Oct. 23,

2014); *Moses v. Ski Shawnee, Inc.*, Civil Action No. 00-3447, 2000 WL 1053568 at *1, 2000 U.S. Dist. LEXIS 10665 at *1 (E.D. Pa. July 31, 2000) ("A restriction by Congress on who may bring or remove an action at all would seem to implicate jurisdiction. The Supreme Court has referred to this restriction as jurisdictional." (*citing Shamrock Oil & Gas*, 313 U.S. at 107, 61 S.Ct. 868)).

Here, Ms. Smith, as a plaintiff, cannot remove an action from state court where she originally filed her Complaint. Her decision to file this case in state court deprives this Court of jurisdiction. And absent such jurisdiction, this case must be remanded to the Allegheny Court of Common Pleas.

Even if Ms. Smith were permitted to remove, "when ruling on whether an action should be remanded to the state court from which it was removed, a district court must focus on the operative complaint at the time the petition for removal was filed. *Group Hospitalization & Med. Servs. v. Merck–Medco Managed Care, LLP.*, 295 F.Supp.2d 457, 461–462 (D.N.J.2003). Thus, it is not for the Court to consider Ms. Smith's Amended Complaint wherein she invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331. The original Complaint, which only contained causes of action for breach of contract and statutory bad faith, invokes diversity jurisdiction on the basis of Ms. Smith's citizenship and the citizenship of USAA. However, it has been well-settled that "USAA is a reciprocal interinsurance exchange with members in all fifty states." *Manhollan v. United Serv. Auto. Ass'n*, 2021 WL 22455, at *3 (W.D. Pa. Jan. 4, 2021). As such, complete diversity between the parties cannot exist between Ms. Smith and USAA, and, thus, even if removal were proper, the Court lacks jurisdiction to hear this case.

III.   Conclusion and Order

For the foregoing reasons, USAA's Motion for Remand is granted. This case is remanded to the Allegheny County Court of Pleas forthwith. The Clerk shall mark this case closed.

DATED this 19th day of December, 2024.

BY THE COURT:

Marilyn J. Horan
United States District Judge